Lola Jeanne LYNN, Appellant,

v.

**LLOYD A. LYNN, INC., and Bituminous Casualty Corporation, Respondents.**

No. 34998.

Missouri Court of Appeals,
St. Louis District.

March 6, 1973.

Motion for Rehearing or Transfer Denied
April 6, 1973.

Application to Transfer Denied May 14, 1973.

Rosecan & Popkin, Marvin Tofle, St. Louis, Lee Young, Union, for appellant.

Frank J. Lahey, Jr., Albert I. Graff, St. Louis, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, John S. Marsalek, St. Louis, for respondents.

McMILLIAN, Judge.

The issue in this Workmen's Compensation case is whether the sole owner and manager of a corporation is eligible for benefits as an "employee" of that corporation. Both the Industrial Commission

and the circuit court on appeal said no. We disagree and accordingly reverse.

On 26 December 1969, Lloyd Lynn was accidentally electrocuted while operating a company truck. His widow, plaintiff Lola Jeanne Lynn, filed a claim for death benefits. Defendants denied Lloyd Lynn had been an employee of Lloyd A. Lynn, Inc.

Lloyd A. Lynn, Inc., is a Missouri Corporation organized in 1963. Lloyd owned eight of its ten shares of stock. Lola Lynn, his wife, and Arvel Lynn, his father, each owned one gratuitously issued share. Lloyd was the president of the corporation, his father Vice-President, and his wife secretary-treasurer; they also constituted the Board of Directors which never met or otherwise exercised control. Besides being President, Lloyd Lynn drove trucks, worked in the shop, bought supplies, negotiated contracts, and did the hiring and firing.

Prior to 1967, § 287.020(1), RSMo 1959, V.A.M.S., defined "employee" as:

". . . every person in the service of any employer . . . under any contract of hire, express or implied, oral or written, or under any appointment or election . . ."

For a person to qualify under the 1959 definition as an employee, a person's services had to be controllable by his employer. Soars v. Soars-Lovelace, Inc., 346 Mo. 710, 142 S.W.2d 866; Gazzoli v. Star Novelty Company, Mo.App., 354 S.W.2d 296; and Saxton v. St. Louis Stair Company, Mo. App., 410 S.W.2d 369. In our opinion, plaintiff would not have qualified as an employee under Missouri law as established by the above cases.

But in 1967, Section 287.020(1), RSMo 1959, V.A.M.S., was amended by the General Assembly to read as follows:

". . . every person in the service of any employer . . . under any contract of hire, express or implied, oral or written, or under any appointment or election, *including executive officers of corporations* . . ." (Emphasis added.)

We must assume that the Legislature knew of our prior decisions, and it was their intendment to either codify the existing law or to effect some basic changes. We note that the final report of the Joint Interim Committee on Workmen's Compensation, 73rd General Assembly, January 1965, made the following recommendation:

"6. *Amend the definition of 'employe' to include executive officers of corporations;*"

The comment was as follows:

"Most jurisdictions include executive officers under workmen's compensation statutes. Such a provision seems equitable and becomes important with regard to the many small corporations operating in the state."

In Soars v. Soars-Lovelace, Inc., supra, Missouri adopted the so-called dual capacity test. The court observed that:

". . . While an executive officer may have a dual capacity so as to be also an employee under the act because of the character of his relation to the corporation and the kind of work he does, it has been frequently held that one who is both chief officer and majority owner in actual control of operations does not have the status of an employee under Workmen's Compensation Acts . . . Our own statutory definition of employee is a 'person in the service of any employer.' . . ."

In Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S.W.2d 909, 912, the court said that the word service, as used, signifies controllable service. Hence, the dual capacity test extended the provisions of the compensation act to certain corporate officers, while denying it to others.

While the Michigan Workmen's Compensation Law, Section 411.7, M.C.L.A., defines "employee" to include any person

insured for whom and to the extent premiums are paid based on wages, earnings, or profits, it is noteworthy in Gottlieb v. Arrow Door Company, 364 Mich. 450, 110 N. W.2d 767, 769, the Michigan Supreme Court, pointing out the inadequacies of the dual capacity test said:

" . . . In the smaller corporations the line between manager and workman is blurred, and in the one-man corporation of the most limited type impossible to draw. Yet in these enterprises, we find the very persons who are in need of protection of the act, since the hazards of production are shared personally by them, just as they are by those on the assembly lines of the large corporations."

The sentiment expressed by the Michigan Court meshes with the intent as expressed by our Joint Interim Committee on Workmen's Compensation in 1965.

We construe the Committee's recommendation and the subsequent 1967 amendment to be a reaction to the then existing inequities for small incorporations as set forth by prior decisional law. Therefore, it would seem that by the inclusion of executive officers of corporations within the definition of employee under the Act, it was the legislative intent to overrule Soars and its progeny. Also, if this is a valid conclusion, in its wake the old common law principle of the servant equivalent to the statutory "employee" fails.

Even before the 1967 amendment, using the common law criteria, some executive officers could bring themselves within the statutory definition. Saxton v. St. Louis Stair Company, Mo.App., 410 S.W.2d 369. Hence, the inquiry should be, is what has the 1967 amendment added to the Workmen's Compensation Law? Clearly, the amendment was not intended to permit that which was already permissible; that is, the amendment was not intended to include within the definition of employees only those executive officers of corporations who prior to the amendment qualified as employees. Under the earlier cases, the only corporate officers who did not qualify as employees within the purview of the Workmen's Compensation Law were those excluded under the controllable services formulation. So, it is this category of executive officers to which the 1967 amendment is properly addressed.

Since the language of the inclusion as set forth in the 1967 amendment is unqualified, we must not engraft upon it the so-called controllable service formula. Concededly, the requirement of controllable services may help to determine the general class of employee; yet, since the 1967 amendment expressly includes executive officers, it is unnecessary to refer to prior criteria. The policy behind the controllable service test, developed to distinguish between an employee and an independent contractor, was that an independent contractor is only temporarily and peripherally connected with the master's or employer's business. Thus, this lack of a substantial relationship between the independent contractors and the businesses which employed them was applied by the courts to justify the denial of employee status under Workmen's Compensation Laws. The analogy was carried one step further and applied to officers of corporations to determine whether they were employees within the purview of the Act. The 1967 amendment, in our opinion, is a recognition by the Legislature that the controllable services test was inappropriate as applied to executive officers. Such officers, by virtue of their managerial abilities, often accompanied by substantial stock ownership, are naturally apt to be under less control in the performance of their duties than the typical employee. But, unlike the independent contractor, the executive officer is intimately and permanently involved in the operation of the business. Accordingly, the criteria by which independent contractor status is determined is not adequate to meet the needs of the unique problems created by executive officers of corporations. Consequently, now the Legislature by the 1967

amendment has provided a new tool for the courts to remedy this situation.

Supportive of the conclusions which we make is the case of Corcoran v. P. G. Corcoran Co., 245 Minn. 258, 71 N.W.2d 787. In 1947 the Minnesota Legislature amended its Workmen's Compensation Law to include "every executive officer of a corporation" within the statutory definition of "employee." In the Corcoran case the claimant who was the president and sole shareholder of the corporation was an employee for purposes of the state's compensation act. The court noted, and held not to be controlling, Donaldson v. William H. B. Donaldson Co., 176 Minn. 422, 223 N. W. 772, and Erickson v. Erickson Furniture Co., 179 Minn. 304, 229 N.W. 101, two of its earlier decisions prior to the 1947 amendment.

When the Legislature amended § 287.020(1), RSMo 1959, V.A.M.S., by including executive officers of corporations under the definition of "employee," it is our conclusion that they intended to include executive officers of corporations irrespective of whether or not these officers rendered controllable services or exercised control over the services of others. If by reason of their employment they were subjected to the hazards of the occupation or industry, then under the liberal extension of the Workmen's Compensation Act and the directive of the Legislature contained in this section, they should be considered employees within the terms of the act.

If we assume that there is some ambiguity in the amendment then we may resort to the report of the Joint Interim Committee on Workmen's Compensation which made the recommendation for the enactment of the amendment. This rule of construction was recognized in the case of State ex rel. Gray v. Jensen, Mo., en banc, 395 S.W.2d 143, 145, 19 A.L.R.3d 1109, when in referring to the effect of committee notes on rules of civil procedure, the court stated: " . . . These committee notes are comparable to legislative commit-

tee reports which pertain to legislation which is passed and are to be considered in determining the scope and meaning of the rule under consideration, *just as the legislative committee reports are considered in construing the legislative enactments* . . . " (Emphasis added.)

We have further concluded that this liberal construction of the extension of the act is supported by the provisions of the act itself. Section 287.800, V.A.M.S., directs us that the provisions of the Workmen's Compensation Act shall be liberally construed with *a view to the public welfare.* " . . . This has been interpreted to mean that the Act should be construed 'with a liberality calculated to effectuate its purpose and *so as to extend its benefits to the largest possible class* . . .'" (Supporting citations omitted.) Dost v. Pevely Dairy Company, Mo., 273 S.W.2d 242, 244. Here the extension of benefits to include, as the amendment says, "executive officers of corporations" would extend the benefits to the largest possible class, would seem "equitable," would be "important" with regard to the small corporations of the state, and would promote the "public welfare."

Finally, defendants argue that Lloyd A. Lynn, Inc., was a mere sham corporation, and that the 1967 amendment did not do away with the requirement that an executive officer, to qualify as an employee, must nevertheless still be "in the service of any employer." Defendants proved that the corporation never had a stockholders' meeting; the deceased never consulted anyone regarding any decisions he made with regard to the operation of the business; that no by-laws were adopted; and that no showing was ever made as to how the various officers acquired their titles. From this defendants conclude that the corporation was a facade which was controlled and directed by the deceased.

To hold that the decedent was not an employee at the time of his death because of the office he held and his stock owner-

ship in the corporation is to disregard the separate and distinct legal identities of decedent and Lloyd A. Lynn, Inc. Since defendants have failed to show that the separate identities were used as a subterfuge to defeat public convenience, for the perpetration of a fraud, or as a means to justify a wrong, we have no reason to pierce the corporate veil in these proceedings. Smith v. City of Lee's Summit, Mo.App., 450 S. W.2d 485; Sampson Distributing Co. v. Cherry, 346 Mo. 885, 143 S.W.2d 307.

We hold Lloyd Lynn was an employee of Lloyd A. Lynn, Inc., at the time of his death within the purview of the Workmen's Compensation Law. The decision of the circuit court is reversed with orders to remand the cause to the Industrial Commission for hearing in conformity with the opinion expressed herein.

WEIER, Acting P. J., and CLEMENS, J., concur.