Darrell Gene McFARLAND, Appellant,

v.

Jim BOLLINGER, d/b/a Bollinger 66, Bollinger Service Station, Inc., and the Treasurer of the State of Missouri, as Custodian of the Second Injury Fund, Respondents.

No. 16623.

Missouri Court of Appeals,
Southern District,
Division Two.

July 16, 1990.

John M. Henderson, Jr., Springfield, for appellant.

Mark E. Maddux, Springfield, for respondent Bollinger.

Kevin Hays Dunaway, Neale, Newman, Bradshaw & Freeman, of Springfield for respondent Second Injury Fund.

SHRUM, Judge.

This is a worker's compensation case in which appellant (claimant) was injured while working at Bollinger Service Station, Inc. (employer). Employer was a corporation which had four full-time employees, namely, Al Tennison, Eddie Mishler, Darrell McFarland (claimant) and Jim Bollinger, corporate president and owner of 498 shares of stock of employer. Howard Bollinger was vice-president of the employer. Juanita Bollinger was secretary of the employer. Howard and Juanita each owned one share of stock of the employer.

The sole issue presented is whether Howard and Juanita, as executive officers of the corporation, were employees of employer so as to subject employer to the requirement of providing worker's compensation insurance for claimant.

The administrative law judge denied coverage, finding that being a corporate officer does not automatically make a person an employee, but rather he must otherwise qualify. The judge concluded Howard and Juanita were not employees of employer; that employer had only four employees and, therefore, was not subject to the Act. Upon appeal to the Commission, the judge's decision was affirmed by adoption of his opinion. This court affirms.

■ Appellate courts must disregard evidence which might support findings different from those found by the Commission. *Nelson v. Consol. Housing Dev. and Mgmt.*, 750 S.W.2d 144, 148 (Mo.App.1988). This court is bound to affirm the Commission's decision if it is supported by competent and substantial evidence on the whole record. *Stegeman v. St. Francis Xavier Parish*, 611 S.W.2d 204, 205 (Mo. banc. 1981). This court may not substitute its judgment upon issues of fact for the judgment of the Commission. *Barnes v. Ford Motor Co.*, 708 S.W.2d 198, 199 (Mo.App. 1986).

Howard Bollinger and Juanita Bollinger, vice-president and secretary, respectively, of employer, were the parents of Jim Bollinger. "Corporate meetings" for the employer were not held. Howard did nothing as vice-president of the corporation; Juanita did nothing as secretary of the corporation. The service station operated by employer had originally been given to Jim Bollinger by his parents, and Jim formed the corporation to operate the business. The employer had paid premiums through 1984 on a life insurance policy insuring Howard's life. Payment of the premium on Howard's insurance was a continuation of the earlier practice of paying for the insurance out of the service station account when Howard owned the business. Howard did no work at the service station, attended no formal "corporate meetings," exercised no control over employer or the business operated by employer and did no "corporate work" for employer. Howard explained that on one occasion, at the end of the year, he received a $2,500.00 check from employer. Howard cashed the check and gave the money to Jim, his son. Howard signed no corporate document other than the original corporate minutes.

Juanita had attended no formal corporate meetings, performed no duties as corporate secretary, and had not worked in any manner at the employer's service station. She never signed any corporate documents or corporate minutes nor had she typed or prepared corporate minutes.

Howard and Juanita never asked to look at, and had not looked at, the corporate bank account or corporate records. Howard and Juanita had lived at Branson, Missouri, for 15 years but would often visit the service station premises of employer when they were in Springfield. Occasionally, a family dinner was held at Howard and Juanita's home in Branson and a general discussion would be held in regard to how Jim Bollinger's business was proceeding. No minutes were kept of those discussions

at family dinners as a part of any corporate records.

Claimant urges on appeal that §§ 287.-020, 287.030 and 287.060 [1] mandate the inclusion of Howard and Juanita as employees of employer, and when so included, the employer would have five or more employees and be subject to the Workers' Compensation Act. The sections of law relied on by claimant are, in pertinent part, as follows:

287.020.1 The word "employee" ... shall be construed to mean every person *in the service of any employer,*[2] as defined in this chapter, under any contract of hire ... or under any appointment or election, *including executive officers of corporations.*[3] ... (emphasis added)

\* \* \* \* \* \*

287.030.1 The word "employer" ... shall be construed to mean:

(1) Every ... corporation ... using the service of another for pay;

.   .   .   .   .

(3) Any of the above defined employers must have five or more employees to be deemed an employer ...

\* \* \* \* \* \*

287.060 Every employer and every employee, except as in this chapter otherwise provided, shall be subject to the provisions of this chapter and respectively to furnish and accept compensation as herein provided.

This court is mindful of § 287.800 which directs that the provisions of the Workers' Compensation Act are to be liberally construed with a view to the public welfare, and is equally mindful of the appellate court direction that the Act should be construed " 'with a liberality calculated to effectuate its purpose and *so as to extend its benefits to the largest possible class.' " Lynn v. Lloyd A. Lynn, Inc.,* 493 S.W.2d 363, 366 (Mo.App.1973) (Emphasis in origi-

nal). Such rules of construction do not, however, relieve claimant of his burden to prove his claim to be within Workers' Compensation Law's provisions. *Kinney v. City of St. Louis,* 654 S.W.2d 342, 343 (Mo.App.1983).

Section 287.020.1 has been held to include executive officers of corporations irrespective of whether or not these officers rendered controllable services or exercised control over others. *Lynn, supra,* at 366. The issue in *Lynn* was whether the sole owner and manager of a corporation was eligible for benefits as an employee of that corporation. In *Lynn, supra,* at 366, the court found he was entitled to benefits, saying:

*"If by reason of their employment they were subjected to the hazards of the occupation or industry,* then under the liberal extension of the Workmen's Compensation Act and the directive of the Legislature contained in this section, they should be considered employees within the terms of the act." (Emphasis added.)

The facts of the *Lynn* case are clearly distinguishable from the facts of this case. The executive officer in *Lynn* for whom coverage was sought was in the service of the corporation at the time of the injury. He was working for the corporation, driving a truck on the job, when accidentally electrocuted. Lynn was clearly subjected to the hazards of the occupation or industry. The "employer-employee" relationship existed. By reason of the 1967 amendment to § 287.020.1, Lynn was deemed an employee and insured even though he was an executive officer.

■ The *Lynn* decision does not obviate the necessity that an "employer-employee" relationship exist before executive officers of a corporation may be counted as employees for the purpose of the Workers' Compensation Act. In *Bethel v. Sunlight Janitor Service,* 551 S.W.2d 616, 619 (Mo.banc

**1.** References to statutes are to RSMo 1986, unless otherwise indicated.

**2.** The phrase "in the service of any employer" was worker's compensation law for many years before the 1967 amendment.

**3.** A 1967 amendment by the General Assembly added the words "including executive officers of corporations" to the definition of employee.

1977), the court rejected a claim that the General Assembly intended by its 1967 amendment to extend workers' compensation eligibility to the owner or sole proprietor or partner of any business while performing the duties of an employee. The court in *Bethel, supra,* at 619, adhered to an "employer-employee" relationship test, saying:

> The act throughout bespeaks of the rights, duties and limitations arising out of the "employer-employee" relationship. That relationship is bottomed upon services performed by an employee for an employer.

In Bethel, supra, the sole proprietor of an unincorporated business (claimant) urged the adoption of the hazard of occupation test to afford him coverage. The court, in a footnote, said it was rejecting the "hazard of occupation" test for the purpose of determining if a sole proprietor of an unincorporated business was eligible to receive worker's compensation benefits. It does not follow that the "hazard of occupation" test adhered to in *Lynn* was to be rejected in all instances and for all purposes. Applying the principles of the *Bethel* case imposes on claimant the burden of proving an "employer-employee" relationship existed between Howard and the employer (or between Juanita and the employer) before they can be counted as employees. Claimant's burden of proving the employer-employee relationship existed for Howard and Juanita is not lessened because Howard and Juanita were executive officers of the employer. A determination that Howard and Juanita were not exposed to the hazards of the occupation of the employer is significant in determining if an employer-employee relationship existed between employer and Howard or between the employer and Juanita. For the reasons that follow, this court holds that proof that Howard and Juanita were executive officers, standing alone, does not make them employees within the meaning of the Workers' Compensation Act.

Examination of the status of the law before the 1967 amendment of § 287.020.1 tends to confirm the view that the 1967 amendment did not establish a special category of employee by eliminating the requirement that executive officers "be in the service" of the employer in order to be counted as employees. Before the amendment, there were instances in which an executive officer, who was both chief officer and majority owner in actual control of operations, did not have the status of an employee under the Workers' Compensation Law. This resulted from the decisions which held that for a person to qualify as an employee, his service had to be controllable by his employer. *Soars v. Soars-Lovelace, Inc.,* 346 Mo. 710, 142 S.W.2d 866, 869 (Mo.1940); *Saxton v. St. Louis Stair Company,* 410 S.W.2d 369, 377 (Mo.App.1966); *Gazzoli v. Star Novelty Company,* 354 S.W.2d 296, 300–301 (Mo.App. 1962). The court in *Lynn, supra,* at 365, in commenting upon the legislature's intent in amending § 287.020.1, said:

> The 1967 amendment, in our opinion, is a recognition by the Legislature that the controllable services test was inappropriate as applied to executive officers. Such officers, by virtue of their managerial abilities ... are naturally apt to be under less control *in the performance of their duties* than the typical employee. But, unlike the independent contractor, the executive officer *is intimately and permanently involved in the operation of the business.* Accordingly, the criteria by which independent contractor status is determined is not adequate to meet the needs of the unique problems created by executive officers of corporations. Consequently, now the Legislature by the 1967 amendment has provided a new tool for the courts to remedy this situation. (Emphasis added.)

It seems clear from the case history that the legislature intended to include as employees only those corporate executive officers who performed duties for the corporation, those who worked for, and were "intimately and permanently involved" in the operation of the business.

Interpreting the language of § 287.020.1 so as to limit coverage to those corporate executives who, in the performance of their duties, are involved in the

operation of the business, or who are subjected to the hazards of the occupation or industry, is in keeping with the principle that the Workers' Compensation Act was not designed to afford accident insurance with blanket coverage for any and all injuries wherever and whenever received. *McClain v. Welsh Co.*, 748 S.W.2d 720, 728 (Mo.App.1988); *Heaton v. Ferrell*, 325 S.W.2d 800, 806 (Mo.App.1959). The purpose of the Workers' Compensation Act is to relieve the burden of workers incapacitated by injuries from the public and place the burden upon industry. *Tibbs v. Rowe Furniture Corp.*, 691 S.W.2d 410, 412 (Mo. App.1985); *Cox v. Copeland Bros. Const. Co.*, 589 S.W.2d 55, 61 (Mo.App.1979). Extending the Workers' Compensation Act to executive officers who serve in their office in name only and perform no service for the corporation would impose on industry an obligation to provide blanket coverage for all injuries of executive officers however received. The legislature is presumed to have acted with full awareness and complete knowledge of the state of the law when it amended § 287.020.1. *Nicolai v. City of St. Louis*, 762 S.W.2d 423 (Mo.banc 1988); *State v. Rumble*, 680 S.W.2d 939, 942 (Mo.1984). Given the long standing requirement for an employer-employee relationship, this court does not believe that the legislature intended that executive officers of corporations were to be counted as employees if they do nothing but lend their name to the position and perform no service for the corporation. The overall purpose of the Workers' Compensation Act is to benefit employees, *Bethel, supra,* at 621, and not executive officers of corporations who do nothing but lend their name to the position. It is true that the claimant in this case (McFarland) was not an executive officer, but the facts of the case are such that to extend coverage to him requires a determination that executive officers who are not exposed to the hazards of the job and who perform no service for the corporation other than allowing the use of their name, are employees. This court finds that this was not within the plain meaning of § 287.020.1 nor was it a result intended by the General Assembly by the 1967 amendment of the workers' compensation law.

■ Claimant urges that since § 351.360.1 requires every corporation to have a president and secretary, and because the corporate by-laws of this employer required three officers, the use of Howard and Juanita's names to fill those positions represented service to the corporation and thereby made them employees. No cases are cited to the court to support such position and the court finds none. Cases are found in other jurisdictions which hold that filling of a corporate executive position without additional facts to create an employer-employee relationship, does not make such officer an employee. The Minnesota legislature, using language markedly similar to the Missouri statute, amended its Workers' Compensation Law to include "an executive officer of a corporation" within its statutory definition of "employee." Under Minnesota law, a claim for compensation could only be sustained when the injury arose out of service performed pursuant to a contract for hire. In *Holm v. H & S Asphalt Co.*, 283 Minn. 330, 167 N.W.2d 743, 744 (1969), the court affirmed the Commission's finding that the injured corporation president was not an employee, saying:

> This subdivision provides that "an executive officer of a corporation" may be included within the definition of "employee," *but it still contemplates that such an officer shall perform services for hire, just as in the case of any other employee covered by the Act.* (Emphasis added.)

A similar result is found in *Ky. Farm & Power Equip. v. Fulkerson Bros.*, 631 S.W.2d 633 (Ky.1982). As set out in *Ky. Farm & Power, supra,* at 655, the Kentucky Workers' Compensation Law provided:

> ... The following shall constitute employees subject to the provisions of this chapter ...
> (2) Every executive officer of a corporation.

Despite the mandatory language, the claimant was held not to be an employee of a

non-profit trade association of which he was president because he was a voluntary and non-paid officer of the trade association. A similar result was reached in a Florida case in which two attorneys owned all the stock of a Florida corporation, were the only directors and officers and who participated in the business as their time permitted. *GoGo Mobile Motor Car Corp. of the South v. Harrison*, 125 So.2d 571 (Fla.1960). They were held not to be employees for the purpose of adding them to the list of employees to make up the minimum number necessary to bring the employer within the Act. The Florida statute at the time provided that "[T]he term 'employee' shall include any person who is an officer of a corporation and who performs services for remuneration for such corporation . . . whether or not such services are continuous. Services shall be presumed to have been rendered the corporation in cases where such officer is compensated by other than dividends upon shares of stock of such corporation owned by him." Claimant was the only regularly employed, full-time salaried employee of the corporation. The court affirmed the order of the deputy commissioner and denied coverage even though the officers did periodically advance funds and, on occasion, withdrew funds. The above cases lend support to the firm belief of this court that the General Assembly did not intend, by amending § 287.020.1, to include executive officers as employees when such officers perform no service other than allow the use of their names as corporate officers. This is true whether the purpose is consideration of the officer for numerical-minimum purposes or if the officers were claimants.

Claimant also urges that there was evidence that Howard Bollinger was compensated for serving as a corporate executive when the corporation paid his insurance and on the one occasion when he received $2,500.00. There was conflicting evidence as to the purpose and reasons for those payments. Resolution of those fact issues were for the administrative law judge and will not be disturbed upon appeal where, as here, there is competent and substantial evidence on the whole record to support the findings that the payments made were not for services arising out of an employer-employee relationship between the employer and Howard. *Stegeman, supra.*

Claimant relies upon *Stegeman v. St. Francis Xavier Parish, supra,* to claim that even if Howard and Juanita were uncompensated, they had volunteered their services as corporate officers to the employer, and were, therefore employees under appointment and were to be counted as employees. This argument ignores the evidence that Howard and Juanita did nothing in service except lend their names to the executive position. The facts in *Stegeman v. St. Francis Xavier Parish* are clearly distinguishable from this case. It was undisputed that the claimant in *Stegeman* was in the service of the corporation.

This court holds that the listing of Howard and Juanita as officers of the employer corporation, without more, does not subject them to the hazards of the occupation or industry, does not put them in the services of the corporation, and, therefore, does not make them employees. *Ky. Farm & Power v. Fulkerson Bros, supra; Holm v. H & S Asphalt Co., supra; Bethel v. Sunlight Janitor Service, supra; Lynn v. Lloyd A. Lynn, Inc., supra.* Accordingly, Howard and Juanita should not be counted as employees. The employer, having only four employees, was not subject to the Workers' Compensation Law. Section 287.-030.1(3). The decision of the Commission is affirmed.

HOGAN, C.J., and MAUS, J., concur.