**Leroy PHILLIPS, Claimant–Appellant,**

**v.**

**OZARK BANK, Employer–Respondent.**

**No. 17198.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 8, 1991.

Daniel T. Moore, Poplar Bluff, for claimant-appellant.

Bruce B. Waugh, Carol A. Zuschek, Kansas City, for employer-respondent.

SHRUM, Judge.

Claimant Leroy Phillips filed a claim for worker's compensation under the Missouri Workers' Compensation Law against his alleged employer, Ozark Bank. The claim arose out of an incident which occurred on September 22, 1988, in a pasture adjacent to a newly opened drive-up bank facility.

On that date the claimant met the bank president, Mr. Hedgpeth, so that Hedgpeth could show the claimant where a replacement barbed wire fence was to be built. The claimant sustained a broken leg when he stepped on a rock covered by grass and fell. The claimant and Hedgpeth were "looking about setting the corner posts" when the accident occurred.

The claimant had been a fence builder for 30 years. During that time he had built fences for dozens, if not hundreds, of different people. He had a truck and all the tools needed for fence building. He charged his customers on an hourly basis rather than a fixed sum. Although he had earlier worked at a farm owned by the bank president, the claimant had never worked for the bank before being contacted by Hedgpeth in September 1988. The only arrangement that existed between the bank and the claimant was to build the fence, estimated to take less than four days to build. The bank was to pay for the fencing materials which the claimant was to pick up at the local farm store.

The claimant and the alleged employer have each acknowledged that the only issue in dispute before the administrative law judge and before the Labor and Industrial Relations Commission was whether the claimant was an employee or independent contractor. Both the administrative law judge and the Commission found that the claimant was an independent contractor and denied the claim. The claimant appeals. We affirm the judgment denying the claim.

■ On this appeal, we must determine if the award of the Commission is supported by competent and substantial evidence on the whole record. *McFarland v. Bollinger*, 792 S.W.2d 903, 904 (Mo.App. 1990). All of the evidence and legitimate inferences therefrom must be viewed in the light most favorable to the award. *Brown v. Hillhaven Convalescent Center*, 776 S.W.2d 47 (Mo.App.1989). This court may not substitute its judgment for that of the Commission. *McFarland*, 792 S.W.2d at 904. The award may be set aside only if there is no substantial and competent evidence to support it or if the findings of the Commission are clearly contrary to the overwhelming weight of the evidence. Conflicts in the evidence are for resolution by the Commission. This court must disregard any evidence which might support a finding different from that of the Commission, and that is true although a finding of the Commission to the contrary would have been supported by the evidence. The Commission is charged with the responsibility of passing upon the credibility of all the witnesses and may disbelieve testimony of a witness even if no contradictory or impeaching evidence appears. *Brown*, 776 S.W.2d at 48–49.

■ The claimant's single point on appeal is that the finding by the Commission that there was no employee-employer relationship was not supported by the evidence. The record reveals no substantial factual dispute and the credibility of the claimant is not drawn into question. However, the Workers' Compensation Law was not designed to afford accident insurance with blanket coverage for any and all injuries wherever and whenever received. *McFarland*, 792 S.W.2d at 907; *McClain v. Welsh Co.*, 748 S.W.2d 720, 728 (Mo.App.1988). We hold the findings of the Commission that the claimant was an independent contractor are supported by competent and substantial evidence and are not contrary to the overwhelming weight of the evidence. No error of law appears. An opinion would have no precedential value.

In accordance with Rule 84.16(b) the judgment is affirmed.

FLANIGAN, C.J., and PARRISH, P.J., concur.