Evelyn McCLENDON and Christopher McClendon, Appellants,

v.

MID CITY DISCOUNT DRUGS, INC., and Casualty Reciprocal Exchange, Insurer, Respondents.

No. WD 48115.

Missouri Court of Appeals, Western District.

Feb. 8, 1994.

Richard I. Buchli, II, The Popham Law Firm, Kansas City, for appellants.

Bill W. Richerson, Blackwell Sanders Matheny Weary & Lombardi, Kansas City, for respondents.

Before LOWENSTEIN, Acting P.J., and FENNER and SMART, JJ.

LOWENSTEIN, Acting Presiding Judge.

This case involves an appeal by the dependents of Mack McClendon from an award denying them compensation for McClendon's death resulting from a fall he suffered in his employer's drug store. The appellants, McClendon's widow and son, allege the facts found by the Labor and Industrial Commission (Commission) do not support the award, and that there was insufficient competent and substantial evidence to the award. §§ 287.495.1(3) and (4), RSMo 1986. The Commission, in adopting the Administrative Law Judge's Findings and Conclusions, decided that prior to and at the time of the employee's fall, the employee, due to intoxication, was incapable of performing even the most rudimentary tasks of employment. This court may set aside the Commission's findings only if they are clearly contrary to the evidence or not supported by competent and substantial evidence, and reviews the case most favorable to the Commission's decision. *Rector v. City of Springfield*, 820 S.W.2d 639, 640 (Mo.App. en banc 1991). This court will disregard evidence contrary to the decision and leaves matters of credibility to the Commission. *Mashburn v. Tri–State Motor Transit Co.*, 841 S.W.2d 249, 250 (Mo.App.1992).

The employee suffered from alcoholism for many years prior to the accident and had been hospitalized four times prior to the December 8, 1988 accident. He had just been released from the last hospitalization some eight days prior to the accident. He worked for three years for his brother-in-law

at an east side Kansas City establishment, Mid City Discount Drugs, Inc. McClendon was a cashier and a clerk, usually working from 3:00 p.m. until 10:30 p.m. He was a good employee but everyone seemed to know he used alcohol while on the job, and was allowed to go "nod off" in the back storeroom when necessary.

On the day in question, the employee arrived at work at 3:00 p.m. sober, but according to co-worker Lorraine Dyer, at about 5:00 p.m. he began showing signs of intoxication (alcohol on breath, staggering and slurred speech). McClendon continued to accurately run the cash register, and do some stocking of products, but at about 9:00 p.m. Dyer and another co-worker, Alvino Gibson, saw him in the back stock room sitting on a stack of beer cases with his eyes closed. McClendon's wife came to the store about 9:00 p.m. and testified to seeing him perform some work after that time. Gibson testified to seeing him perform some stocking about 9:30 p.m. The Commission did not find that testimony credible. Dyer said she never saw him on the floor after seeing him in the back room at 9:00 p.m.

Unfortunately, the employee was found at the bottom of the stairs leading to the basement where a restroom was located, about 9:40 p.m. He had fallen and suffered a blow to the back of his head, which proved fatal. At the hospital he had a blood-alcohol content of .420, a level which would be fatal or at least incapacitate anyone without an extreme tolerance to alcohol. The Commission concluded that the employee had been incapable of doing his job after 9:00 p.m. and, therefore, recovery was denied.

■ Although the Commission could have found the accident compensable, there is competent and substantial evidence to support its conclusion. It was not bound to believe the favorable testimony of the widow or the employee's best friend, Gibson. That being so, there was evidence to show the "employee was intoxicated to such an extent that it was impossible for him to physically or mentally engage in his employment" and, therefore, deny the claim. *Swillum v. Empire Gas Transport, Inc.*, 698 S.W.2d 921, 924–25 (Mo.App.1985).

Despite appellants' efforts, the facts here are not the same as in *Gee v. Bell Pest Control*, 795 S.W.2d 532 (Mo.App.1990), where this court said "... mere evidence of a high blood alcohol content is insufficient to support a denial of a claim on the basis of intoxication." *Id.* at 536. *Gee* went on to say the claimant's mind must be a total blank due to intoxication for a denial of compensation, and in that case there was evidence of a continuing set of activities by the employee driver over a period of hours when he had an accident with a .25 blood alcohol content. *Id.* at 536–37. Here, the incredibly high alcohol level, plus the other credible evidence as to the claimant's activities prior to the accident, take this case beyond the realm of *Gee*. In fact, the case at bar is similar to *Haynes v. R.B. Rice, Division of Sara Lee*, 783 S.W.2d 403 (Mo.App.1989). *Haynes* involved an employee who had 1½ grams of cocaine plus quantities of beer in his bloodstream at the time of the accident. He had prior blackouts and was literally crawling into the work place prior to being found in scalding water at the work place. There was evidence with his level of cocaine intoxication, "it would have been impossible for Haynes to have been performing his work duties." *Id.* at 406. Therefore, compensation was denied. Such is the conclusion here, for even with a high level of alcohol tolerance, .420 alcohol blood content, and plus the credible evidence as to the employee's being in the back room asleep at 9:00 p.m., support the result.

The judgment is affirmed.

All Concur.