Evelyn McCLENDON, Christopher Mark McClendon, and Mack Fitzgerald McClendon, Appellants,

v.

MID–CITY DISCOUNT DRUGS, INC., Respondent.

No. WD 48118.

Missouri Court of Appeals, Western District.

March 22, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1994.

Application to Transfer Denied June 21, 1994.

David H. Bony, Kansas City, for appellants.

Bill W. Richerson, Kansas City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and SPINDEN, JJ.

SPINDEN, Judge.

Evelyn McClendon and her children, Christopher Mark McClendon and Mack Fitzgerald McClendon, appeal the trial court's dismissal of their lawsuit for the wrongful death of McClendon's husband. The court dismissed their petition on the ground that the court lacked subject matter jurisdiction because the matter involved a workers' compensation claim and was, therefore, within the exclusive jurisdiction of the Division of Workers' Compensation. We reverse the trial court's dismissal and remand for further proceedings.

The McClendons' lawsuit arose out of the death of Mack McClendon while he was at work on December 6, 1988. Mack McClendon worked for Mid–City Discount Drugs, Inc., at its store in mid-town Kansas City. His duties included manning the store's cash register, stocking merchandise, assisting customers, and cleaning the premises.

McClendon was found unconscious at the base of the store's stairs to the basement. He apparently fell down the stairs. A hospital blood test, administered a couple of hours after McClendon was found, indicated that he had a high blood alcohol content. He had a long history of alcoholism. He lapsed into a coma and remained comatose until he died on August 30, 1989.

On April 19, 1989, Evelyn McClendon and her children filed a workers' compensation claim in connection with the incident. An administrative law judge denied the claim on the ground that Mack McClendon was not capable, physically or mentally, of doing his job because of intoxication. The Labor and Industrial Relations Commission affirmed that decision, and we affirmed it on appeal in

*McClendon v. Mid City Discount Drugs, Inc.,* 870 S.W.2d 456 (Mo.App.1994).

After the McClendons appealed to this court, they filed a petition for wrongful death in the Jackson County Circuit Court. Mid–City Discount Drugs filed a motion to dismiss the petition on the ground that the matter was within the exclusive jurisdiction of the Division of Workers' Compensation. The trial court granted the motion.

The McClendons claim that the dismissal was error because the Division determined that Mack McClendon's injuries did not arise in the course of his employment; hence, the Division no longer had exclusive subject matter jurisdiction. We agree, and conclude that they should be allowed to seek recovery in a civil action.

Section 287.120.1, RSMo 1986, provides that an employer is liable under the provisions of the Workers' Compensation Law for the "personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor[.]" Section 287.120.2 provides that the rights and remedies granted to an employee by the Workers' Compensation Law "shall exclude all other rights and remedies of the employee, his wife, her husband, parents, personal representatives, dependents, heirs or next of kin, at common law or otherwise, on account of such accidental injury or death[.]" These provisions mean that the Workers' Compensation Law is the exclusive remedy only for an accident "arising out of and in the course of employment." *Gaines v. Monsanto Company,* 655 S.W.2d 568, 570 (Mo.App.1983). If an employee's death or injury results from an incident which did not occur within the course of employment, the death or injury is not within the exclusive realm of the Workers' Compensation Law, and any possible common law action is unaffected. *Id.* The Workers' Compensation Law supplants an employee's common law rights only when the death or injury is within the course of employment. *State ex rel. McDonnell Douglas Corp. v. Ryan,* 745 S.W.2d 152, 153 (Mo. banc 1988).

Missouri courts have ruled that an accident does not arise out of and in the course of employment if an employee is too intoxicated to have been capable, physically or mentally, of doing his or her job. *See Phillips v. Air Reduction Sales Company,* 337 Mo. 587, 85 S.W.2d 551, 555 (1935); *Gee v. Bell Pest Control,* 795 S.W.2d 532, 537 (Mo.App.1990); *Swillum v. Empire Gas Transport, Inc.,* 698 S.W.2d 921, 924–925 (Mo.App.1985); *O'Neil v. Fred Evens Motor Sales Company,* 160 S.W.2d 775, 779 (Mo. App.1942); LARSON, THE LAW OF WORKMEN'S COMPENSATION § 34.21 (1993).

Denial of the McClendons' claim for workers' compensation on the ground that Mack McClendon's injuries did not arise out of and in the course of his employment because of his intoxication necessarily means that § 287.120 does not apply. Because Mack McClendon did not suffer his injuries in the course of his employment, the Division of Workers' Compensation does not have exclusive jurisdiction of the matter, and other common law remedies are not foreclosed.

This conclusion is consistent with existing Missouri case law. In *Lathrop v. Rippee,* 432 S.W.2d 227 (Mo.1968), an employee was injured when an automobile crashed through a window of a factory where she worked. After a determination that the injury did not arise out of her employment, the *Lathrop* court held that she was not precluded from a subsequent common law action against her employer. Similarly, in *Hines v. Continental Baking Company,* 334 S.W.2d 140 (Mo.App. 1960), this court held that an employee whose workers' compensation claim was denied was not precluded from pursuing a personal injury action against his employer and the employer could not assert that the occurrence was within the exclusive purview of the workers' compensation law.

The Missouri cases cited by Mid–City Discount Drugs do not stand for the proposition that the Workers' Compensation Law bars the McClendons' rights to pursue a wrongful death action. These cases, *Goodrum v. Asplundh Tree Expert Company,* 824 S.W.2d 6 (Mo. banc 1992), *Killian v. J & J Installers, Inc.,* 802 S.W.2d 158 (Mo. banc 1991), *McDonnell Douglas,* 745 S.W.2d at 152, and *Jones v. Jay Truck Driver Training Center Inc.,* 709 S.W.2d 114 (Mo. banc 1986), hold that the Labor and Industrial Relations Commission has exclusive jurisdiction to determine whether the Workers' Compensation Law is applicable to a specific case. In the McClendons' case, the commission made that determination, and we affirmed. Now that a conclusive determination has been made that the Workers' Compensation Law is not applicable to the McClendons' case, they are free to pursue alternative remedies.

The trial court erred by dismissing the McClendons' wrongful death petition. We reverse the trial court's judgment and remand the cause for further proceedings.

All concur.