Beverly A. SHELDEN, Employee–
Respondent,

v.

TEXAS COUNTY MEMORIAL
HOSPITAL, Employer–
Respondent,

Management Services, Inc., d/b/a Missouri
Hospital Association Trust, Insurer–
Appellant,

Hartford Insurance Company,
Insurer–Respondent.

No. 20253.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 13, 1996.

William C. Love, Harrison, Tucker & Hyde, Springfield, for appellant.

William D. Powell, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, William W. Francis, Jr., Randy C. Alberhasky, Springfield, for respondent.

BARNEY, Judge.

■ Management Services, Inc., (MSI) appeals a workers' compensation temporary or partial award entered by the Labor and Industrial Relations Commission granting medical aid and benefits to Beverly Shelden, employee of Texas County Memorial Hospital (employer) for a back injury.[1] The commission adopted the administrative law judge's findings without comment.

There are two accidents involved in this appeal.[2] The first occurred on March 8, 1992, and is not disputed. At that time employer's insurance carrier was Hartford Insurance Company (Hartford). The second, according to the Commission's findings, has been medically determined to have occurred from the cumulative result of the on-the-job duties employee performed between August, 1992, and February, 1993, and employer's insurance carrier during the latter span of time was MSI.

The Commission found there were two separate, compensable injuries and therefore MSI was responsible for workers' compensation benefits due to employee since it was employer's insurance carrier when the second accident occurred. MSI appeals, claiming that the second injury was nothing more than a continuation of symptoms from the March 8, 1992, injury and not a separate, compensable injury and, therefore, Hartford should be liable since it was employer's insurance carrier on March 8, 1992.

■ The sole issue for our consideration in this appeal is whether there is sufficient evidence to support the finding that the employee experienced a change in pathology between August, 1992, and February, 1993, or whether the only finding supported by the evidence is that the employee's condition is merely a continuation of symptoms from the March, 1992, injury.

■ "We disturb the Commission's award only when it is not supported by substantial evidence or it is clearly contrary to the overwhelming weight of the evidence." *Pullum v. Hudson Foods, Inc.*, 871 S.W.2d 94, 96 (Mo.App.1994). We cannot substitute our judgment for that of the Commission if it is supported by competent and substantial evidence on the whole record. *Phillips v. Ozark Bank*, 803 S.W.2d 662, 663 (Mo.App. 1991); *Hunsperger v. Poole Truck Lines, Inc.*, 886 S.W.2d 656 (Mo.App.1994). "[We] must disregard any evidence which might support a finding different from that of the Commission, and that is true although a finding of the Commission to the contrary would have been supported by the evidence." *Phillips*, 803 S.W.2d at 663.

■ To receive the benefits of the Workers' Compensation Law an employee's injuries must occur by accident "arising out of and in the course of employment." § 287.120.1, RSMo Supp., 1992. "The terms 'out of' and 'in the course of' are separate tests which must be met for an injury to be compensable (citation omitted). Case law has defined 'arising out of' to mean the injury

---

1. The issue was raised at oral argument whether this court has the jurisdiction to hear the appeal of a temporary or partial award or whether the award must be final. Because this is an appeal on the issue of liability in a Workers' Compensation case, we have jurisdiction, even though the award is denominated "temporary or partial." *Stufflebean v. Crete Carrier Corp.*, 895 S.W.2d 115, 116 (Mo.App.1995). "[A]wards of the Commission denominated 'temporary or partial' are final and reviewable as to issues of liability (as opposed to issues of the extent and duration of an award)." *Smith v. Fabricated Metal Products*, 883 S.W.2d 537, 538 n. 3 (Mo.App.1994).

2. The first pertains to case number 92–025254, insured by Hartford Insurance Company. Hartford's policy of workers' compensation insurance expired on April 1, 1992. The second, case number 93–013684, involves Management Services, Inc., as the insurer.

is a natural and reasonable incident of the employment; there must be a causal connection between the nature of the duties or conditions the employee is required to perform and the resulting injury." *Pullum*, 871 S.W.2d at 97.

Employee was a licensed practical nurse at Texas County Memorial Hospital. She worked primarily in the obstetrics department but would periodically work on regular patient floors. On March 8, 1992, as she bent over to perform a vaginal exam she twisted and felt a sharp pain in the lower, left side of her back that radiated into her hip. In due course she sought and obtained professional medical assistance from an orthopedic physician, Dr. Frederick McQueary. Conservative treatment and rest followed. When employee experienced an increase in pain, a CT scan and myelogram were performed, revealing an anterior bulge at the L4–L5 disc space with some mild swelling of the nerve root.

By August, 1992, her back had improved and she returned to work with no express restrictions; employee did indicate to the physician that she would ask her co-workers for help when any lifting was required. In November, 1992, employee had returned to almost a full mobility and normal strength with no signs of nerve tension. Although experiencing some spasms, Dr. McQueary rated her at five percent permanent partial disability to the body as a whole and determined that "... her healing period from that injury had probably been completed."

The record shows that between August, 1992, and February, 1993, employee was assigned to work on the regular patient floors as opposed to the obstetrics department and she was required to do more lifting and more strenuous work than before. During this period of time employee continued to experience some back pain but it would subside with rest.

During early February, 1993, employee's back began hurting much worse than it had since November, 1992. The results of Dr. McQueary's February 16, 1993, exam showed that employee had a continuation of the same problem exacerbated by the lifting that she was required to do at work. She was then instructed to refrain from work but the pain continued despite epidural injections she was receiving. In March, 1993, an MRI was done which indicated disc desiccation at the L4–L5 and L5–S1 disc spaces. These results were consistent with small herniated discs. Dr. McQueary testified (regarding the original March 8, 1992, injury) that (employee's back) was "... an area that could potentially be reinjured ... she still probably had a weak spot in the back related to that initial injury that got—scar tissue pulled free ... something along that line, with some of these other lifting episodes that she has described in that time interval between November [1992] and February [1993]." The Commission concluded that, "Dr. McQueary could find no specific event that caused claimant's problems after November 17, 1992. He believed that it was a cumulative effect from her additional lifting." The Commission found that the employee was temporarily and totally disabled and would remain so "until she attains maximum medical improvement."

■ In April, 1993, Hartford arranged for employee to be examined by a neurologist, Dr. Daniel Phillips, who largely controverted Dr. McQueary's findings. However, "[W]hen medical theories conflict, deciding which to accept is an issue peculiarly for the determination of the Commission." *Hawkins v. Emerson Elec. Co.*, 676 S.W.2d 872, 877 (Mo. App.1984); *Rector v. City of Springfield*, 820 S.W.2d 639, 644 (Mo.App.1991).

■ The Missouri Supreme Court in *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781 (Mo. banc 1983) expanded the interpretation of the term accident from previous interpretation that had prevented compensation for gradual and progressive injuries that were the result of constant, on-the-job hazards, although clearly work related. *Wolfgeher* at 785. The case brought Missouri's definition in line with the majority of states by permitting compensation for an injury "even though the work being performed at the time of the injury was routine and the strain was not unusual or abnormal (citation omitted). Where the performance of the usual and customary duties of an employee leads to physical breakdown or a

change in pathology, the injury is compensable." *Wolfgeher* at 784; *Rector* at 642. "[The] focus must be on whether an injury has occurred rather than what act or force immediately preceded the injury." *Wolfgeher* at 785.

There is competent and substantial evidence to support the Commission's findings in its totality. We affirm the Commission's holding.

MONTGOMERY, P.J., and GARRISON, J., concur.