**KENTUCKY FARM AND POWER EQUIPMENT DEALERS ASSOCIATION, INC., Movant,**

v.

**FULKERSON BROTHERS, INC. et al., Respondents.**

Supreme Court of Kentucky.

April 20, 1982.

**634**

Armer H. Mahan, Davis & Mahan, Louisville, for movant.

John W. Bland, Jr., Lewis, Bland & Preston, John L. Arnett, Kim F. Quick, Collier, Arnett & Coleman, Elizabethtown, Gerald V. Roberts, Director, Kentucky Workers' Compensation Bd., Dept. of Labor, Frankfort, for respondents.

STEPHENS, Justice.

The issue to be decided is whether an unpaid officer of a non-profit trade association is an "employee" within the purview of KRS 342.640(2), a provision of the Kentucky Workers' Compensation Act. We answer the question in the negative.

Edwin P. Fulkerson on December 5, 1978, was vice-president of Fulkerson Brothers, Inc., a family owned corporation engaged in the sale of farm equipment, hardware and allied merchandise. For many years he had been the president and chief executive officer of the family business. In recent years, however, he had turned the reins of the business over to his son and assumed his present office of vice-president. The family corporation was a member of the movant incorporated trade association, whose membership consists of farm equipment dealers throughout the Commonwealth. In 1978, Fulkerson was serving as president of the association.

In his capacity as president of the trade association, he was, on the morning of December 5, 1978, en route to Indiana to attend a convention of farm equipment dealers. About twelve to fifteen miles from home he was involved in an automobile accident and was severely injured.

In January of 1979, Mrs. Fulkerson filed a claim on behalf of her husband for workers' compensation benefits against his employer, the family company. In June of 1979, on motion of the defendant in that proceeding, the trade association was added as a party defendant. The Board found that Fulkerson was not an employee of the association and that the accident arose in the course of his employment with Fulkerson Brothers, Inc. It was ruled that he was 100% occupationally disabled, and benefits were correspondingly awarded. An appeal to the Hardin Circuit Court resulted in an affirmation of the award of the Board.

On appeal to the Court of Appeals, the judgment of the circuit court was reversed. The court ruled that the Board erred when it ruled that Fulkerson was not an employee of the trade association at the time of the accident. It remanded the case, with direction to apportion liability if the Board determined that Fulkerson's injuries also arose out of and in the course of his "employment" with the association. We granted discretionary review.

In defining an employee for purpose of coverage under the worker's compensation act, the legislature has spoken. KRS 342.-640(2) is as follows:

"*Coverage of employees*—The following shall constitute employees subject to the provisions of this chapter . . .

(2) Every executive officer of a corporation."

Since Fulkerson was, at the time of the accident, an executive officer (president) of the association, a Kentucky corporation, and since he was on association business, respondents argue that the clear wording of the statute mandates the finding, by the Board, that Fulkerson was an employee of the association under the wording of the statute. *Hatchett v. City of Glasgow*, Ky., 340 S.W.2d 248 (1960). The Court of Appeals agreed.

The trade association was formed to improve and perpetuate the farm machinery business, to promote and maintain good relations between its members, to encourage its membership to observe the best business principles and to serve as a research and information source for its members. All of its officers (including Fulkerson) and directors served without pay, except the secretary-treasurer, who was the executive director and administrator of the association. All other officers and directors were persons who served, without compensation, to carry out the purpose of the corporation and to enhance their own individual businesses. Such organizations, both unincorporated and incorporated, have proliferated in this country in recent years.

■ The workers' compensation concept of employee is narrower than the common law concept of "servant," in the master and servant relationship. It implies that the service to be performed is under a contract of hire, express or implied. Compensation decisions uniformly exclude from the definition of "employees" workers who neither receive nor expect to receive any kind of pay for their services. 1C Larson, Workmen's Compensation Law, §§ 47.00, 47.41 (1980). The threshold requirement in a compensation claim is that the claimant must be an employee for hire. The essence of compensation protection is the restoration of a part of wages which are assumed to have existed. In this case, no compensation by the association existed (nor was any ever contemplated), and therefore, no benefits can be awarded. It is significant that if the farm equipment dealers had not chosen to incorporate their association there would have been no lawsuit here.

■ We believe it is implicit in the provision of KRS 342.640(2) that the "executive officer of a corporation" referred to is an employee for hire, and does not apply to a volunteer or honorary employee. We therefore conclude that Fulkerson was not an employee of the movant association.

The decision of the Court of Appeals is reversed.

PALMORE, C. J., and AKER, O'HARA and STEPHENSON, JJ., concur.

STERNBERG, J., dissents in a separate opinion joined by CLAYTON, J.

STERNBERG, Justice, dissenting.

Since I cannot join in the court's action in adding its own concept of reasonableness to a very clear and unambiguous expression of the legislature, I must respectfully dissent.

KRS 342.640(2) provides as follows:

"Coverage of employes.—The following shall constitute employes subject to the provisions of this chapter, except as exempted under KRS 342.650:

. . . .

(2) Every executive officer of a corporation."

In reversing the Court of Appeals the majority disregards the plain language of the statute and, instead, imposes its own determination of what is just and reasonable in the circumstances. This flies in the face of our well-reasoned and long-standing refusal to take such action. In *Hatchett v. City of Glasgow*, Ky., 340 S.W.2d 248, 251 (1960), this court wrote:

"The courts may supply clerical or grammatical omissions in obscure phrases or language of a statute in order to give effect to the intention of the Legislature, presumed or ascertainable from the context, or to rescue the act from an absurdity. *City of Owensboro v. Noffsinger*, Ky., 280 S.W.2d 517. But where a statute on its face is intelligible, the courts are not at liberty to supply words or insert something or make additions which amount, as sometimes stated, to providing for a *casus omissus*, or cure an omission, however just or desirable it might be to supply an omitted provision...."

The provisions of the statute are clear. The statute creates a presumption of employment and enumerates those persons who shall be classified as employes. Since the contract-for-hire language of KRS 342.640 appears only in subsections (1) and (3), it is logical that the legislature did not intend to require proof of a contract-for-hire relationship with executive officers of a corporation.

Finally, movant's substantial evidence argument to this court is wholly inapposite to this case. It was undisputed that Fulkerson was President of the Dealers Association. The error occurred when the Board failed to recognize and apply the presumption of contract for hire as demanded by KRS 342.640(2). The Board's alleged error was a legal one, not a factual one.

I would affirm the decision of the Court of Appeals of Kentucky.

CLAYTON, J., joins in this dissent.