The TRAVELERS INSURANCE
COMPANY, Appellant,

v.

Ricky L. DUVALL; Workers' Compensation Board; Thomas Nanney, Administrative Law Judge; Gary Emerine (d/b/a West Kentucky Paving and Contracting Co.); Ralph Emerine; Emerine Construction Company; Special Fund; and Uninsured Employers' Fund, Appellees,

and

Ricky L. DUVALL, Cross–Appellant,

v.

UNINSURED EMPLOYERS'
FUND, Cross–Appellee,

and

Gary EMERINE (d/b/a West Kentucky Paving and Contracting Co.); Ralph Emerine; and Emerine Construction Company, Cross–Appellants,

v.

The TRAVELERS INSURANCE COMPANY; Ricky L. Duvall; Workers' Compensation Board; Thomas Nanney, Administrative Law Judge; Special Fund; and Uninsured Employers' Fund, Cross–Appellees.

Nos. 94–SC–45–WC, 94–SC–67–
WC and 94–SC–68–WC.

Supreme Court of Kentucky.

Sept. 29, 1994.

Michael W. Alvey, Sheffer, Hoffman, Tomason & Morton, Owensboro, for the Travelers Ins. Co.

Craig Housman, Paducah, for Ricky L. Duvall.

Rodger W. Lofton, Paducah, for Gary Emerine, etc., Ralph Emerine and Emerine Const. Co.

David Randall Allen, Labor Cabinet—Special Fund, Louisville, for Special Fund.

Dana C. Stinson, Asst. Atty. Gen., Frankfort, for Uninsured Employers' Fund.

## OPINION OF THE COURT

Travelers Insurance Company appeals from a decision of the Court of Appeals on the grounds that it incorrectly applied the provision of KRS 342.340(2).[1] The version of KRS 342.340(2) in effect at the time of the injury in this case provided as follows:

> ... every insurance carrier or group self-insurance association shall in like manner notify the workers' compensation board upon the cancellation of any policy issued by it....
>
> The above filings are to be made on the forms prescribed by the board. Cancellation of any policy of insurance issued under the provisions of this chapter shall take effect no greater than ten (10) days prior to the receipt of such cancellation by the workers' compensation board....

The Administrative Law Judge (ALJ) found that the workers' compensation insurance policy, which lapsed by its own terms prior to the date of the worker's injury, was still in full force and effect on the date of the injury because Travelers failed to comply with its duty to provide notice of cancellation as required by KRS 342.340(2). The Workers' Compensation Board (Board) and the Court of Appeals affirmed the ALJ's decision.

In 1990 KRS 342.340(2) was amended to specifically require notification upon the cancellation, lapse, termination, expiration by reason of termination of policy period, or nonrenewal of any policy issued by the insurance carrier. We agree with the decisions below that a broad interpretation of the pre-amended version of the statute is required by the policy objectives of the statutory scheme and legislative intent.

---

1. Although we agree with the result reached by the Court of Appeals, we cannot condone its reliance upon and citation of an unpublished opinion of this Court in derogation of CR 76.28(4)(c) and admonish against this practice.

■ The clear purpose of the statute is to monitor employers' compliance with mandatory workers' compensation insurance. Every employer operating under the Act is required to insure potential liability by either purchasing insurance or presenting proof of financial ability to pay directly any compensation subsequently owed. KRS 342.340(1). Failure to comply will result in Board notification to any interested government agencies of said failure so that appropriate action may be taken according to KRS 351.175. KRS 342.340(2).

The notice requirement of KRS 342.340(2) is designed to inform the Board of any cessation in coverage so that appropriate action may be taken. The success of this system of monitoring is greatly reduced by a narrow interpretation of the term "cancellation." While we recognize a technical difference in the terms "cancellation" as a premature termination of coverage, and "expiration" as termination by nonrenewal, the result is identical in that the employer is no longer insured. It is this result that KRS 342.340(2) seeks to monitor. The legislature has removed all doubt by its 1990 amendment, but we accept that it intended the same notification, regardless of the technical argument, prior to the amendment.

The Court of Appeals decision on this point is affirmed. Our decision on this issue renders the claimant's cross-appeal moot.

■ The employer has filed a cross-appeal challenging the conclusion reached by the ALJ and affirmed by the Board and Court of Appeals, that claimant was not a seasonal employee. Regardless of the analysis conveyed by the Board, and disputed by the employer, we believe the ALJ's conclusion was supported by substantial evidence and comports with the law. He stated that:

... it is undisputed that the plaintiff continued working for West Kentucky Paving and/or Emerine Construction Company through January 11, 1990. During the winter months, he was working in the shop, assisting with maintenance work on the equipment. It is further established that the paving business is a business which can be affected by weather, even in the summer, since paving cannot proceed when it is raining. It is further admitted that during the winter months, maintenance work continues and that the company would fill potholes in roads with cold mix. Finally, the plaintiff testified that while working for another paving company, prior to beginning work with West Kentucky Paving that they worked year-round.

We believe the ALJ focused upon the proper facts to determine if this occupation was "exclusively seasonal." See KRS 342.140(2). We stress that what an ALJ will find determinative must, by necessity, vary from case to case because each situation involves unique circumstances. Therefore, the fact that in this case work was actually performed year-round should not be overshadowed by the fact that paving is dictated by the weather. Likewise, we do not find it necessarily incongruous that in *Department of Parks v. Kinslow*, Ky., 481 S.W.2d 686 (1972), the Court focused upon the truly seasonal work of a maintenance employee for the Barren River State Park classified as such, and the conclusion reached in *May v. Drew Shows*, Ky.App., 576 S.W.2d 524 (1979), that employment as a roustabout for a traveling carnival was not seasonal simply because the carnival, as is customary, left the state of Kentucky to perform elsewhere during the winter months. We believe the final result in each of these cases, including the one at bar, exemplifies how to sift through the irrelevant details and focus upon what makes an occupation, on a case-by-case basis, actually and exclusively seasonal.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and REYNOLDS, SPAIN, STUMBO and WINTERSHEIMER, JJ., concur.

LAMBERT, J., concurs in result only.

LEIBSON, J., dissents in part by separate opinion.

LEIBSON, Justice, dissenting.

I respectfully dissent from that portion of the majority opinion construing the pre–1990 version of KRS 342.340(2) to include notifica-

tion in the event of nonrenewal. "Cancellation" has a precise meaning that does not include nonrenewal. "Cancellation terminates an existing contract, whereas a refusal to renew is merely a refusal to enter a new or to continue an old contract." Couch, *Insurance 2d*, § 67:39.

If the term "cancellation," as used in the former statute failed to express legislative intent, it is not this Court's function to give it a broader interpretation. The proper mechanism was followed when in 1990 the General Assembly amended the statute. Our majority opinion prematurely and improperly rewrites the statute.