**WAL–MART, Appellant,**

v.

**Sheila SOUTHERS; Honorable Donna Terry, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2004–CA–000104–WC.

Court of Appeals of Kentucky.

Oct. 22, 2004.

---

Walter A. Ward, Lexington, KY, for appellant.

Jackson W. Watts, Bradly Slutskin, Versailles, KY, for appellee.

Before MINTON, SCHRODER, and TAYLOR, Judges.

## OPINION

MINTON, Judge.

When calculating an employee's average weekly wage for potential benefits under Kentucky's Workers' Compensation law, an employee who is concurrently employed by more than one employer may combine the wages earned from all employers "as if earned from the employer liable for compensation."[1] Sheila Southers was injured on the job while working for Wal–Mart. She also worked for H & R Block fulltime during income tax season and intermittently throughout the balance of the year. The issue we are asked to review is whether the Workers' Compensation Board correctly determined that Southers was concurrently employed by Wal–Mart and H & R Block when her injury occurred. Because there was a contract for hire between Southers and H & R Block during the period she worked for Wal–Mart, we hold that Southers was concurrently employed.

Southers began working for Wal–Mart as a cashier in 1996. During her employment with Wal–Mart and for several years prior, Southers also worked for H & R Block as a tax consultant. Although Southers primarily worked at H & R Block during their busy tax season—approximately mid-January through mid-April—she was "on-call" for the company throughout the rest of the year. According to H & R Block's manager, Gary Campbell, Southers:

> was on call from May thru [sic] December to do tax returns and handle any problems. It was not uncommon for her to return calls to clients. I did not maintain a record of her trips to the office during that period. She did not submit any payroll for that time period[.] She has been employed by me since 1990.

Southers's work-related injury occurred on August 21, 1998, while lifting a bag of potting soil at Wal–Mart. She received medical attention for her injuries and was deemed to have sustained a 6 percent permanent injury. Wal–Mart denied her claim for benefits and Southers appealed.

An Administrative Law Judge (ALJ) reviewed Southers's claim and found her concurrently employed by Wal–Mart and H & R Block; therefore, Southers's average weekly wage was calculated to include her wages from both employers. The Workers' Compensation Board (Board) re-

---

1. Kentucky Revised Statutes (KRS) 342.140(5).

versed and remanded the ALJ's decision with regards to the issue of Southers's concurrent employment. The Board held the ALJ "was restricted in her decision making [sic] based upon the evidence presented to her."[2] Therefore, the ALJ was instructed to reopen the evidence for the purpose of obtaining more wage information from Wal–Mart and H & R Block.

On remand, the ALJ reviewed the submitted wage information and, again, found Southers was concurrently employed. In reaching that decision, the ALJ relied on the average weekly wage forms filed by Southers, as well as the letter from Campbell highlighting the extent of Southers's employment with H & R Block.

Wal–Mart filed a Petition for Reconsideration, which was overruled. On appeal, the Board affirmed the ALJ's decision. We affirm.

■ Wal–Mart argues Southers was not concurrently employed because she did not have a contract for hire with H & R Block. In support of this argument, Wal–Mart makes two claims: first, Southers did not prove remuneration by H & R Block; and, second, Southers did not prove mutuality of obligation.

■ It is well settled that "the ALJ, as fact-finder, has the sole authority to judge the weight, credibility and inferences to be drawn from the record."[3] The decision of the ALJ may be appealed to the Board; but "no new evidence may be introduced before the Board, and the Board may not substitute its judgment for that of the ALJ concerning the weight of evidence on questions of fact."[4] The role of this Court in reviewing decisions of the Board "is to correct the Board only when we perceive that the Board has overlooked or misconstrued controlling law or committed an error in assessing the evidence so flagrant as to cause gross injustice."[5]

■ If a decision is made in favor of the claimant, the question on appeal "is whether the decision ... is supported by substantial evidence."[6] The term "substantial evidence" has been defined as "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men."[7]

■ In order for compensation to be payable under a claim for workers' compensation benefits, "there must be a contract of hire between the employer and the employee."[8] The contract does not have to be written; however, "all of the elementary ingredients of a contract must be present."[9] In a workers' compensation claim, "the threshold requirement ... is that the claimant must be an employee for hire. The essence of compensation protection is the restoration of a part of wages which are assumed to have existed."[10]

2. Opinion of the Workers' Compensation Board, July 31, 2002, at page 11.

3. *Miller v. East Kentucky Beverage/Pepsico, Inc.*, Ky., 951 S.W.2d 329, 331 (1997).

4. *Smith v. Dixie Fuel Co.*, Ky., 900 S.W.2d 609, 612 (1995).

5. *Daniel v. Armco Steel Company, L.P.*, Ky. App., 913 S.W.2d 797, 798 (1995), *quoting Western Baptist Hospital v. Kelly*, Ky., 827 S.W.2d 685, 687–688 (1992).

6. *Wolf Creek Collieries v. Crum*, Ky.App., 673 S.W.2d 735 (1984).

7. *Smyzer v. B.F. Goodrich Chemical Company*, Ky., 474 S.W.2d 367, 369 (1971).

8. *Rice v. Conley*, Ky., 414 S.W.2d 138, 140–41 (1967); *see also, M.J. Daly Co. v. Varney*, Ky., 695 S.W.2d 400; 402 (1985).

9. *Id.*

10. *Kentucky Farm & Power Equipment Dealers Association, Inc. v. Fulkerson Brothers, Inc.*, Ky., 631 S.W.2d 633, 635 (1982).

Defining the exact status of Southers's employment with H & R Block presents us with a unique situation. Southers's employment was clearly not "seasonal work." That term has been defined to include "occupations which are exclusively seasonal and therefore cannot be carried on throughout the year." [11] Unlike the other examples our courts have held to constitute seasonal work, Southers was not employed by H & R Block with the understanding she would be laid-off during part of the year,[12] nor was H & R Block only operational during a particular season.[13] Although Southers worked significantly more during tax season than the rest of the year, that fact alone is insufficient to define her employment as "seasonal." [14]

Likewise, Southers was not an unpaid or volunteer employee for H & R Block.[15] She received an hourly wage, along with commission and payment for tax returns she completed.

It is clear, however, that Southers's employment with H & R Block was, for lack of a better word, intermittent. Although she remained on-call throughout the year, the majority of her work was done from January through April. The wage information submitted by Southers indicated she received her last paycheck from H & R Block on May 20, 1998, some three months prior to her injury at Wal–Mart. However, Southers testified she continued to receive direct payments from H & R Block for the tax returns she completed.

Wal–Mart claims the irregularity of Southers's employment with H & R Block and the fact she did not receive a regular paycheck is conclusive proof she was not under a contract for hire. Wal–Mart points to the evidence indicating Southers was not receiving remuneration from H & R Block on the date of her injury as proof she was not concurrently employed. Likewise, Wal–Mart claims the intermittency of her employment frustrated the mutuality of obligation requirement needed to establish a valid contract. We disagree.

■ We note at the outset there is nothing in the relevant statute that requires proof of remuneration to establish concurrent employment. Moreover, Wal–Mart has not provided any support for its contention that intermittent employment necessarily negates the existence of mutuality of obligation. The statute in question only lists two elements necessary to establish concurrent employment: proof the claimant was working under contracts with more than one employer at the time of injury, and proof the defendant employer had knowledge of the employment.

Wal–Mart conceded it had knowledge of Southers's employment with H & R Block. Therefore, that element of the statute has been satisfied. With regards to the second element, the ALJ conclusively found

11. KRS 342.140(2).

12. *See, Desa Int'l, Inc. v. Barlow,* Ky., 59 S.W.3d 872 (2001) (worker hired with understanding she would only be employed for 7–8 months and laid-off the remainder of the year was a seasonal worker for purposes of calculating average weekly wage).

13. *See, Dept. of Parks v. Kinslow,* Ky., 481 S.W.2d 686 (1972) (individual employed by state park only from April to October when park was operational a seasonal employer for workers' compensation purposes).

14. *See, Travelers Insurance Co. v. Duvall,* Ky., 884 S.W.2d 665, 667 (1994) (employment with paving company year-round and not "seasonal," even though paving is dictated by the weather).

15. *See, Kentucky Farm & Power Equipment Dealers Association, Inc. v. Fulkerson Bros. Inc.,* Ky., 631 S.W.2d 633 (1982) (unpaid officer of a non-profit trade association not an "employee" for purposes of workers' compensation benefits).

Southers was working under contract for both Wal–Mart and H & R Block at the time of her injury. This finding is supported in the record by substantial evidence. Southers testified she had worked for H & R Block since 1985, first as a secretary and later as a tax consultant. She further testified that although she typically started her employment with H & R Block around mid-January and worked through the end of April, she remained available to do tax returns. Southers testified she received payment directly from H & R Block throughout the year in the form of hourly wages and commission.

Furthermore, the letter from Campbell confirmed the fact that Southers worked under a contract for hire with H & R Block. Campbell acknowledged that Southers was still on-call from May through December and that she had been consistently employed by H & R Block since 1990.

Based on the testimony of Southers and Campbell, we believe the ALJ had substantial evidence to conclude Southers was working under concurrent contracts for both H & R Block and Wal–Mart. Concerning Wal–Mart's claims regarding the lack of remuneration and mutuality of obligation, there is sufficient proof H & R Block compensated Southers for her efforts throughout the year. Although she may not have received regular paychecks, Southers continued to receive compensation from H & R Block as she completed tax returns. There is also substantial evidence to support a finding of mutuality of obligation. Southers was obligated to work for H & R Block regularly during the tax season and on an "on-call" basis throughout the rest of the year. In exchange, H & R Block was obligated to compensate her.

 We acknowledge that the situation under which Southers was employed by H & R Block is unique and lends itself to different interpretations. However, "[w]hen one of two reasonable inferences may be drawn from the evidence, the finders of fact may choose."[16] Here, the ALJ chose to believe the evidence presented by Southers. We cannot say whether our finding would have mirrored that of the ALJ; however, since there is substantial evidence to support the ALJ's finding, we must affirm the Board's decision.

For the foregoing reasons, the December 17, 2003, decision of the Workers' Compensation Board is affirmed.

ALL CONCUR.

---

16. *Jackson v. General Refractories Co.*, Ky., 581 S.W.2d 10, 11 (1979).