KENTUCKY UNINSURED
EMPLOYERS' FUND,
Appellant

v.

Julian HOSKINS; Kentucky Employers'
Mutual Insurance Company; Beacon
Enterprises, Inc.; Four Star Trans-
portation, Inc.; Better Integrated Sys-
tems, Inc.; Honorable R. Scott Bor-
ders, Administrative Law Judge; and
Workers' Compensation Board, Appel-
lees.

No. 2012–SC–000008–WC.

Supreme Court of Kentucky.

April 25, 2013.

Dennis Stutsman, Assistant Attorney General, Uninsured Employers' Fund, Frankfort, KY, Counsel for Appellant, Kentucky Uninsured Employers' Fund.

Alan Steven Rubin, Louisville, KY, Counsel for Appellee, Julian Hoskins.

Barry Lewis, Lewis and Lewis Law Offices, Hazard, KY, Counsel for Appellee, Kentucky Employers' Mutual Insurance Company.

Terrance J. Janes, Hopkinsville, KY, Counsel for Appellee, Beacon Enterprises, Inc. and Better Integrated Systems, Inc.

Not Represented by Counsel, Counsel for Appellee, Four Star Transportation, Inc.

## OPINION OF THE COURT

Appellant, Uninsured Employers' Fund ("UEF"), appeals from a decision which held that Appellee, Kentucky Employers' Mutual Insurance ("KEMI"), was not the insurance carrier at risk for injuries sustained by Julian Hoskins in the course of his employment with Four Star Transportation, Inc. The UEF argues that the Workers' Compensation Board and the Court of Appeals erred by finding that Hoskins was not covered under the KEMI policy due to the fact he was unaware that Four Star was leasing him from several different entities. One of those entities was the named KEMI policy holder. For the reasons set forth below, we affirm the Court of Appeals.

Hoskins drove a tractor trailer truck for Four Star. Hoskins testified that he applied for his job at Four Star's office located at 2305 Ralph Avenue in Louisville, and believed that his only employer was Four Star. He also stated that he was unaware that Four Star had allegedly entered into an employee leasing scheme with two separate entities for his services.

Under this employee leasing scheme Hoskins, despite applying for his job and being hired at Four Star's office, was initially considered an employee of Better Integrated Services, Inc., a Nevada corporation. Hoskins's wages were apparently paid by Better Integrated. Better Integrated then leased Hoskins to Beacon Enterprises, Inc., also a Nevada corporation and the holder of the KEMI policy. Beacon then leased Hoskins to Four Star. Interestingly, the ownership of Better Integrated and Beacon all consist of members from one family.

Beacon's policy with KEMI was originally issued on November 1, 2005. KEMI was aware that Beacon had no physical presence in the state of Kentucky, but that Beacon leased employees to Rush Trucking, whose office is located at 3001 Chamberlain, Louisville, Kentucky. The Schedule of Named Insured and Workplaces for the policy listed Rush Trucking's office address as the worksite for the policy. On November 1, 2006, the KEMI policy was renewed for another year. This policy listed an additional location for Beacon in Kentucky, 2305 Ralph Avenue, Suite 1, Louisville, Kentucky. This second address was the location for Four Star's office, but KEMI contends that it was unaware that Beacon leased employees to that entity. KEMI did not investigate the nature of

Beacon's business at the Ralph Avenue address, but did increase Beacon's premium in 2007 from $299,635.62 to $749,001.72 due to an increase in its payroll. Further, neither Better Integrated or Beacon filed the appropriate EL–1 and EL–2 forms which are required by 803 KAR 25:230. These forms indicate which entities are leasing employees from an agency. The KEMI policy was in effect on the date Hoskins was injured.

All of the parties concede that Hoskins was injured in the course of his employment with Four Star on January 31, 2008. The parties also do not contest the Administrative Law Judge's ("ALJ") determination that Hoskins's injury entitled him to benefits and a permanent partial disability award of 3.25%. Instead the dispute in this matter is whether Hoskins's injury is covered by the KEMI policy.

The ALJ, in finding that KEMI's policy covered Hoskins's injury, made the following findings:

> The Administrative Law Judge finds that KEMI was aware that Beacon Enterprises was an employee leasing company, and had two offices in Louisville, one for Rush Trucking, and one where Four Star Transportation was located. In addition, it appears that KEMI received additional premiums as a result of the adding of this additional company. This is reflected by the fact that the premiums for Beacon Enterprises increase [sic] from $299,635.62 to $749,001.72 for the policy in question. It appears to the undersigned Administrative Law Judge that KEMI did not investigate the addition of a second address in Louisville fully to determine if the appropriate documentation was submitted to the Department of Workers' Claims. However, they were willing to accept the premium and write the policy. It was not until after the January 31, 2008, work-related injury of Mr. Hoskins that KEMI corresponded to Beacon Enterprises claiming surprise that they were leasing employees to other entities than Rush Trucking. This is totally inconsistent with KEMI's own records reflecting the Defendant Employer had two locations in Louisville which was an increase from the one location they had in Louisville previously. In fact, there is correspondence from KEMI discussing how to deal with this new client as both are trucking companies and the contact was unsure how to predict the annual payroll generated from these clients. This is clearly an indication that KEMI was aware of the operation they were insuring.

> Therefore, the Administrative Law Judge finds that there existed a policy of Insurance covering Beacon Enterprises. It is further found that this insurance policy covered the employee leased by Beacon Enterprises, an employee leasing company, to Four Star Transportation on January 31, 2008.

The ALJ also found that there was an employment relationship between Hoskins and Beacon.

On appeal, the Workers' Compensation Board reversed the ALJ's opinion and award. The Board based its decision on the lack of evidence in the record to show that KEMI knew Beacon was leasing Hoskins to Four Star. Key to that determination was the fact that Better Integrated and Beacon failed to comply with the reporting requirements of KRS 342.615 and 803 KAR 25:230 which would have put KEMI on notice that they were leasing employees to Four Star. The Board further believed that the arrangement between Better Integrated and Beacon was a sham, concocted after Hoskins's injury to cover up the fact they had not provided him with workers' compensation insurance. Finally, by using the loaned servant doc-

trine, the Board found that Hoskins could not have entered into an employment relationship with Better Integrated or Beacon because he either did not know those entities existed or how that they were involved with Four Star. KRS 342.640(1); *Rice v. Conley*, 414 S.W.2d 138, 141 (Ky. 1967)("[a]n employee, for compensation purposes, cannot have an employer thrust upon him against his will or without his knowledge.")

The Court of Appeals affirmed the Board's finding that there was insufficient evidence to support the ALJ's conclusion that Hoskins entered into an employment relationship with Beacon. The court did however vacate a portion of the Board's opinion which sanctioned Better Integrated and Beacon for discovery violations. That issue is not before this Court. This appeal followed.

## I. HOSKINS CANNOT BE CONSIDERED BEACON'S EMPLOYEE BECAUSE HE DID NOT ENTER INTO A CONTRACT FOR HIRE WITH THAT ENTITY

█ The UEF first argues that the Board's use of the "loaned servant" doctrine to determine that Hoskins was not an employee of Beacon (the KEMI policy holder) was improper. We disagree.

One does not need to perform a complex analysis of the loaned servant doctrine to determine that Hoskins cannot be considered an employee of Beacon. Professor Larson states that when determining if an employee was loaned to another employer the first question to ask is "Did the worker make a contract of hire with the special [second] employer? If this question cannot be answered 'yes' the investigation is closed, and there is no need to go on ..." 3 Lex K. Larson, *Larson's Workers' Compensation Law* § 67.02 (Rev. ed.2012). Here it is undisputed that Hoskins never entered into a contract for hire with Bea-

con. In fact, Hoskins testified that he was not even aware that Beacon existed. Thus, even if one assumes (for the sake of argument) that Hoskins was an employee of Better Integrated because it paid his wages, there is no way he could be "loaned" to Beacon because Hoskins never entered into a contract for hire with that entity. Any attempt to state that Hoskins was an employee of Beacon fails.

## II. THE WORKERS' COMPENSATION BOARD DID NOT ACT ARBITRARILY BY FINDING THAT THE ALJ's OPINION WAS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

█ The UEF next contends that the Board usurped the fact finding function of the ALJ by concluding that no substantial evidence supported the conclusion that Beacon's KEMI policy covered Hoskins. While the fact that Better Integrated apparently issued Hoskins's paycheck does imply the existence of some sort of deal between Better Integrated and Four Star, the existence of any deal with Beacon is less certain. No contract or written evidence to prove the existence of a lease involving Beacon was provided. The only evidence which supports the existence of the Beacon leasing agreement was oral testimony provided by the companies' owners and expert witnesses.

Again we note that the record is clear that even if a lease agreement did exist, Hoskins never entered into a contract for hire with Beacon and cannot be considered its employee. Because Hoskins cannot be considered an employee of Beacon, any argument that he was covered under their KEMI policy must fail. The KEMI policy Schedule of Named Insureds and Workplaces states that coverage would be provided for:

Beacon Enterprises

2305 Ralph Ave Suite 1
Louisville KY 40216
Beacon Enterprises
3001 Chamberlain
Louisville KY 40241.

KEMI therefore agreed to insure only the individuals who were employed by Beacon and worked out of those locations. Since Hoskins was not an employee of Beacon, he was not covered by the policy. The Board did not act arbitrarily in reversing the ALJ's decision.

## III. THE DECISION OF THE WORKERS' COMPENSATION BOARD AND COURT OF APPEALS WAS NOT BASED ON BETTER INTEGRATED AND BEACON'S FAILURE TO COMPLY WITH KRS 342.615

Finally, the UEF argues that the Board erred by finding that Hoskins was not covered under Beacon's KEMI policy based on the fact that the requirements of KRS 342.615 and 803 KAR 25:230 were not followed by Better Integrated or Beacon. The UEF argues that the Board took it upon itself to absolve KEMI from liability for paying Hoskins's benefits because of the failure to follow the employee leasing regulations. The UEF again contends that it was KEMI's negligence that led to it being unaware that Beacon leased employees to Four Star.

There is no merit to this argument by the UEF, which oversimplifies the Board's opinion. While the Board did find the argument persuasive that KEMI did not know Beacon was allegedly leasing employees to Four Star because proper EL–1 and EL–2 forms were not filed, it also based its opinion on the finding that Hoskins was completely unaware of the existence of Beacon, and that there was insufficient evidence to prove a leasing agreement existed.

## CONCLUSION

For the reasons set forth above, the decision of the Court of Appeals is affirmed.

All sitting. All concur.