RENDERED: AUGUST 20, 2015
TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000610-WC

**FINAL**

**DATE** 9-10-15 EnAGroupHP.C

GARRARD COUNTY FISCAL COURT                                      APPELLANT

|  | ON APPEAL FROM COURT OF APPEALS |
|---|---|
| V. | CASE NO. 2013-CA-002039-WC |
|  | WORKERS' COMPENSATION NO. 11-87801 |

JULIE CAMPS;
HONORABLE J. LANDON OVERFIELD,
CHIEF ADMINISTRATIVE LAW JUDGE;
HONORABLE ALLISON E. JONES,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                      APPELLEES

## OPINION OF THE COURT

### REVERSING

Appellant, Garrard County Fiscal Court, appeals a Court of Appeals

decision which held that wages from Julie Camps's former concurrent employer

should be included in calculating her average weekly wage ("AWW"). In so

holding, the Court of Appeals reversed the Workers' Compensation Board

("Board") which affirmed an opinion and order by the Administrative Law Judge

("ALJ") that excluded the concurrent employer wages in the AWW calculation.

For the below stated reasons, we reverse the Court of Appeals.

Camps worked as a full time paramedic for the Garrard County Fiscal Court. For almost the entire year leading up to her work-related injury, she was concurrently employed as a paramedic with Clark County EMS. Garrard County was aware of Camps's concurrent employment. She quit her job with Clark County on May 6, 2011, intending to obtain another paramedic job closer to her home. However, before she could obtain a new second job, Camps suffered an acute ankle sprain while working for Garrard County on May 13, 2011. Her injury required reconstructive surgery for a complete lateral ligament tear. Camps filed for workers' compensation based on an AWW calculation including her wages from both Garrard County and Clark County.

Camps testified in favor of her claim that it was common for paramedics to have two employers. She said that paramedics were in high demand and it was easy for them to find jobs. Camps said that it was necessary for her to have concurrent employment so that she could earn a living wage to support her family. Garrard County did not contest that Camps suffered a work-related injury, but disputed the inclusion of her Clark County wages as a part of her AWW calculation.

The ALJ reviewed the evidence and awarded Camps workers' compensation. However, the ALJ rejected Camps's recommended method of calculating her AWW because it included both her Garrard County and Clark County wages. The ALJ reasoned:

> Camps makes a very compelling and rationale [sic] argument to support her inclusion of wages from Clark County. The ALJ, however, is duty bound to follow published authority from the higher appellate courts. The ALJ finds *Wal-Mart v. Southers*, 152

2

S.W.3d 242, 246-47 (Ky. App. 2004), controls the case at hand. In this case, the Kentucky Court of Appeals held that: '[KRS 342.140(5)] only lists two elements necessary to establish concurrent employment: proof the claimant was working under contract with more than one employer *at the time of injury*, and proof the defendant employer had knowledge of the employment.'

In this case, Camps was not working under contracts with more than one employer *at the time of the injury*. Certainly, she had done so in the past and based on her testimony, the ALJ finds that Camps[s] intent was to continue to do so in the future. However, at the time of injury she had terminated her employment with Clark County and had not yet secured a contract for employment with another employer. As such, the ALJ is precluded from including Camps[s] concurrent wages from Clark County, earned in the weeks prior to her injury.

In many respects, the ALJ recognizes that this is a harsh result. Again, however, the ALJ finds current authority clear with respects to the requirements for including concurrent wages. Those requirements were not satisfied in this claim with respect to Camp[s] employment with Clark County.

As such, the ALJ concludes that the Camps AWW in this claim is limited to the wages she earned working for the Garrard County. Based on the wage records submitted by Garrard County, the ALJ finds that Camps[s] AWW was $470.96.

Camps filed a petition for reconsideration[1] arguing the ALJ failed to make sufficient findings regarding her alleged concurrent employment and that her AWW should be $1,038.17. The ALJ denied the petition for reconsideration. The Board affirmed and Camps appealed to the Court of Appeals.

The Court of Appeals, in a two to one decision, reversed the Board. The majority held that *Southers* "inartfully worded the requirements" for a person to claim concurrent employment. KRS 342.140 provides the method for

---

[1] Garrard County filed a petition for reconsideration regarding Camps's award of vocational rehabilitation benefits. That issue is not before this Court.

calculating an employee's AWW and when concurrent employment wages should be included. It states in pertinent part:

> [t]he average weekly wage of the injured employee at the time of the injury or last injurious exposure shall be determined as follows:
> (1) If at the time of the injury which resulted in death or disability or the last date of injurious exposure preceding death or disability from an occupational disease:
> (d) The wages were fixed by the day, hour, or by the output of the employee, the average weekly wage shall be the wage most favorable to the employee computed by dividing by thirteen (13) the wages (not including overtime or premium pay) of said employee earned in the employ of the employer in the first, second, third, or fourth period of thirteen (13) consecutive calendar weeks in the fifty-two (52) weeks immediately preceding the injury;
> (5) When the employee is working under concurrent contracts with two (2) or more employers and the defendant employer has knowledge of the employment prior to the injury, his or her wages from all the employers shall be considered as if earned from the employer liable for compensation.

The Court of Appeals held that the elements to establish concurrent employment are determined by interpreting KRS 342.140 as a whole to maximize the compensation an injured worker receives for the loss of earning capacity. The majority held that:

> [w]hen the relevant look-back period of KRS 342.140(1) or (2) is incorporated into the wording of KRS 342.140(5), the 'is' in the statement '[w]hen the employee is working under concurrent contracts' refers to the period for looking back to establish AWW as set by when the injury occurred, rather than the date of the injury. In this manner, 'wages from all the employers shall be considered as if earned from the employer liable for compensation' just as if the employee was merely working a variety of jobs for a single employer, which may or may not have continued the entire relevant look back period.

Thus, the Court of Appeals concluded that KRS 342.140(5) requires the following two elements to establish concurrent employment: "proof the claimant was working under contracts with more than one employer during the

4

relevant look-back period following an injury and proof the defendant employer had knowledge of the employment." The dissent, written by Judge Taylor, stated that *Southers* was controlling and that the Board should be affirmed. This appeal followed.

The function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). In interpreting statutes, we must "ascertain from their terms, as contained in the entire enactment, the intent and purpose of the Legislature, and to [sic] administer that intent and purpose." *Lach v. Man O'War, LLC*, 256 S.W.3d 563, 568 (Ky. 2008) (quoting *Seaboard Oil Co. v. Commonwealth*, 193 Ky. 629, 237 S.W. 48, 49 (1922)).

The only issue on appeal is whether the calculation of Camps's AWW should include the wages she earned while working in concurrent employment for Clark County. The Court of Appeals majority held, based on their interpretation of KRS 342.140(5), that Camps's Clark County wages should be included in her AWW calculation because she worked for Clark County during the relevant look-back period. We disagree because of the plain language of KRS 342.140.

As stated above, KRS 342.140 states that the AWW of the "injured employee *at the time of the injury or last injurious exposure* shall be" calculated according to the statute. (Emphasis added). Thus, the wages to be considered

5

are those earned by the employee at the moment she was injured. KRS 342.140(5) then states that "when the employee *is working* under concurrent contracts" and the defendant employer knows of that second contract, the combined wages from both jobs are to be considered as earned from the liable employer. (Emphasis added). So reading theses two statutes together indicates that before an employee can be considered to have concurrent employment, the employee must be working under two contracts for hire at the time of the injury and the employer at which the claimant was injured must be aware of the second job. Thus, the analysis provided in *Southers* is correct and is controlling in this case.

The majority of the Court of Appeals cited to *Lowry v. Industrial Comm'n of Arizona*, 195 Ariz. 398, 989 P.2d 152, 155 (1999), as support for its interpretation of KRS 342.140. In that case, the Arizona Supreme Court found that an employee's "average monthly wage" calculation should include earnings from concurrent employment held within thirty days prior to, but not necessarily on the date of, a work injury. But Arizona workers' compensation law differs from our statutory scheme. Specifically, Arizona does not have a statute which defines the circumstances when concurrent employment applies to an AWW calculation. Instead, Arizona defines "monthly wage" as "the average wage paid during and over the month in which the employee is killed or injured." A.R.S. §23-1041 (D). Then A.R.S. § 23-1041(A) provides that employees "shall receive the compensation fixed in this chapter on the basis of the employee's average monthly wage at the time of injury." Arizona has

6

interpreted these two statutes in conjunction to hold that concurrent employment wages may be applied to an average monthly wage calculation, even if the employee is not under multiple contracts for hire on the date of the injury. Because KRS 342.140(5) specifically defines concurrent employment, we must follow its clear language and find *Lowry* to be unpersuasive.

Applying *Southers* to the facts presented shows that Camps is not entitled to claim both her Garrard County and Clark County wages in her AWW calculation. At the time of Camps's injury she was no longer under a contract for hire with Clark County. Camps cannot satisfy the first prong of the *Southers* test, and therefore was not concurrently employed for purposes of her AWW. *Southers*, 152 S.W.3d at 246.

Thus, for the above stated reasons, we reverse the decision of the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT,
GARRARD COUNTY FISCAL COURT:

John G. Irvin, Jr.

COUNSEL FOR APPELLEE,
JULIE CAMPS:

Jackson W. Watts